WILLIAMSON, J,
This matter comes before the court on the petition for review of Zoning Hearing Board Determination filed by Where’s Prime Rib, LLP (hereinafter, “petitioner”) on June 27, 2014. On July 21, 2014, the Jackson Township Supervisors (hereinafter, “intervenor”) filed a notice of intervention pursuant to 53 P.S. § 1004-A. On August 19, 2014, an order was entered placing the matter on the October argument list.
*88 On September 17,2014, petitioner filed a brief of appeal in support of the previously filed petition. On September 29,2014, the Zoning Hearing Board of Jackson Township (hereinafter, “respondent”) filed a brief in opposition to land use appeal. Intervenor filed a brief in support of respondent’s decision and in opposition to the “petition for review” on September 30, 2014. On October 1, 2014, petitioner filed an expedited motion for continuance. This court issued an order on October 1, 2014 granting the requested continuance and continuing the oral argument on the petition for review of Zoning Hearing Board Determination to November 3, 2014. On October 30, 2014, petitioner filed a reply brief on appeal. After review of the parties’ briefs and arguments thereon, we are ready to dispose of petitioner’s petition for review of Zoning Hearing Board Determination.
BACKGROUND
Petitioner, Where’s Prime Rib, LLP is the owner of real property located on 1877 Route 715 in Reeders, Jackson Township, Monroe County, Pennsylvania (“the premises”). On October 29, 2010, in case No. 4487 Civil 2010, the honorable president judge Ronald E. Vican granted permanent injunctive relief to Jackson Township and against Dizzy Dottie, LLC for violation of the Jackson Township Zoning Ordinance regarding the premises.[1] Judge Vican concluded in that case that Dizzy Dottie, LLC was operating a business at the premises known as “Thrills” that constituted an adult cabaret (“adult business”) in a zoning district in which it was not *89 permitted. Judge Vican also granted Jackson Township’s request to enjoin and abate violations of 68 Pa. C.S.A. § 5503(b) and (d). This resulted in an order prohibiting Dizzy Dottie, L.L.C., or anyone else, from occupying or using all or any part of the premises for a period of one year (from October 19, 2010 to October 19, 2011). At the time of the 2010 court order, the real property was located in a commercial zoning district that allowed restaurants or eating and drinking establishments.
Dizzy Dottie, LLC filed post-trial motions in that matter which were denied by order entered November 5, 2010. Dizzy Dottie, LLC then appealed to the Commonwealth Court of Pennsylvania which filed an opinion and order on December 2, 2011 affirming the trial court. By order dated July 17, 2012, the Pennsylvania Supreme Court denied Dizzy Dottie, LLC’s petition for allowance of appeal Dizzy Dottie, LLC then re-opened for business as “Thrills” at the premises in October 2011, at the expiration of judge Vican’s order prohibiting any use at the premises.
On April 17,2012, Jackson Township filed a complaint in equity with this court averring two counts for relief against Dizzy Dottie, LLC. Count I of the complaint sought to enjoin Dizzy Dottie, LLC from conducting a non-permitted use in violation of the Jackson Township Zoning Ordinance, including operation as an “adult business” at the subj ect premises it occupied at 1877 Route 715, Reeders, Jackson Township, Pennsylvania (“the premises”). Count II sought an injunction to enjoin Dizzy Dottie, LLC from occupying or using the premises for any purpose until such time as Dizzy Dottie, LLC secured a zoning permit for an allowable use at the premises. The case was re-assigned to judge David J. Williamson as *90 judge Vican had retired. On January 25, 2013, this court issued an opinion which concluded that Dizzy Dottie, LLC changed the use of the premises when it began operating as an adult business. In an order dated January 25, 2013, judge Williamson granted both Count I and Count II of the complaint. Additionally, the order permanently enjoined Dizzy Dottie, LLC, doing business as “Thrills,” from occupying or using the premises at 1877 Route 715 as an adult business. It further permanently enjoined Dizzy Dottie, LLC, doing business as “Thrills,” from occupying or using the premises for any use until such time as a zoning permit was obtained from Jackson Township.
Petitioner then sought a zoning permit from Jackson Township to operate an eating and drinking establishment. Petitioner filed a change in use application and a variance in order to operate as an eating and drinking establishment. The zoning officer denied the application and petitioner appealed to the Zoning Hearing Board. The petitioner then withdrew the variance application.
On June 4, 2014, the Zoning Hearing Board issued their decision regarding petitioner’s appeal of the zoning officer’s denial of a change in use to an eating and drinking establishment. The Zoning Hearing Board’s decision was based on an initial hearing held on December 3, 2013, a subsequent hearing held on February 4, 2014, a final hearing held on March 4, 2014, and briefs submitted by the interested parties. During the course of the hearings, the Zoning Hearing Board heard the testimony of Michelle Amer, Jackson Township Zoning Officer; Ira Weiner, General Partner of and attorney for petitioner; Duane Kerzic, photographer; and Jonathon Koszalka, realtor.
The Zoning Hearing Board found that the zoning *91 officer’s decision in denying the petitioner’s change in use application was correct. The Zoning Hearing Board determined that the premises is now located in a R-l Residential Zoning District, which does not permit a restaurant and eating and drinking establishment. Additionally, the Zoning Hearing Board pointed out that petitioner had never operated the premises as a restaurant and eating and drinking establishment; rather petitioner changed the use from a restaurant to an adult cabaret before opening its establishment. An adult cabaret was not permitted by the previous zoning ordinance, and therefore did not qualify as a prior non-conforming use since petitioner did not operate the premises in a lawful manner. The Zoning Hearing Board also determined that the petitioner intentionally abandoned the use of the premises as a restaurant and eating and drinking establishment in favor of an adult cabaret. Although the petitioner testified that the abandonment was not intentional, the Zoning Hearing Board did not find the testimony credible.
Following Judge Vican’s rulings, amendments were adopted to the Jackson Township Zoning Ordinance. These amendments were adopted in October 2011 before Dizzy Dottie, LLC re-opened a second time for business as “Thrills.” Prior to adoption of the new ordinance in 2011, an adult business was allowed only in an industrial zone; however, a conditional use hearing is now required. The new ordinance defines an adult business under Section 27-1602 of the ordinance. Neither the old ordinance nor the new ordinance permits an adult business in any other zoning district. Finally, the zoning classifications were changed and the premises became located in an R-l Residential Zoning District.
*92 DISCUSSION
Petitioner filed the petition to contest the respondent’s June 4, 2014 decision affirming the Zoning Officer’s denial of a change in use. In petitioner’s appeal, petitioner argues that a lawful use continues to run with the land unless the use was intentionally and willfully abandoned. Although petitioner agrees that the use of the premises was changed to an adult cabaret, petitioner does not agree that the change was intentional. Petitioner argues that unless the record supports an intentional and willful abandonment lasting a duration of at least one year, the prior lawful use as an eating and drinking establishment must be permitted. Prior to petitioner’s ownership and use of the premises, there was a restaurant and eating and drinking establishment on the premises as a permitted use. At the time, the property was located in a commercial zoning district. Petitioner wishes to re-establish that use.
In response, respondent presented three questions. First, should the Zoning Hearing Board’s decision that petitioner was not entitled to a change of use be affirmed where the proposed use was specifically prohibited in the R-l Residential District? Second, should the Zoning Hearing Board’s decision that petitioner did not qualify for a nonconforming use be affirmed where petitioner’s use of the premises as an adult cabaret was not a legal conforming use prior to the adoption of the 2011 Zoning Ordinance? And finally, should the Zoning Hearing Board’s decision that petitioner intentionally abandoned the restaurant use in favor of an adult cabaret be affirmed where the determination is supported by substantial evidence based upon the Zoning Hearing Board’s factual and credibility determinations?
*93 To answer the above questions, respondent argued that the Zoning Hearing Board determined that the change in use application was properly denied because it sought to change to a use that was no longer permitted in the R-l Residential District. Furthermore, the Zoning Hearing Board determined that the petitioner’s use of the premises as a restaurant would have been a permissible use in the commercial district at the time he purchased the property; however, an adult cabaret was not a legal use in the Commercial District under the Zoning Ordinance. The premises was part of the commercial district when “Thrills” opened as an adult caberet. The honorable president judge Ronald E. Vican and this court both found that the use of the premises, prior to and after the zoning change in October 2011, was changed to an adult caberet and no longer a restaurant. Although a property owner of a restaurant, a permissible use in the commercial district, could apply for a non-conforming use certificate if that use existed at the time of the zoning change, a property owner of an adult cabaret could not since an adult cabaret was an illegal and impermissible use in the commercial district, Finally, respondent argued that while petitioner states that it did not intentionally abandon the use of the premises as a restaurant, the decision of the Zoning Hearing Board was that the evidence presented established that petitioner did voluntarily and intentionally abandon the use of the premises from a restaurant to an adult cabaret.
Additionally, intervenor submitted a brief in support of the Zoning Hearing Board’s decision and in opposition to petitioner’s land use appeal. In its brief, intervenor argued that, in concurrence with the Zoning Hearing Board’s decision, the petitioner only ever allowed the premises to be an adult entertainment facility and not a restaurant or eating *94 and drinking establishment. Like respondent, intervenor argues that the use of the premises at the time the ordinance changed was not a lawful, non-conforming use, and thus no right existed to return to a commercial use.
We must first determine whether petitioner did abandon the use as an eating and drinking establishment at the premises. The “concept of abandonment includes the intention to abandon which is to be assumed from overt acts or failure to act, as well as from statements and circumstances.” DiNardo v. City of Pittsburgh, 15 Pa. Cmwlth. 279, 284, 325 A.2d 654, 657 (1974). Furthermore, “[abandonment of a nonconforming use...is a question of fact which depends upon all the facts present in a case and which the Borough has the burden of proving.” Kuhl v. Zoning Hearing Board of Greene Township, 52 Pa. Cmwlth. 249, 415 A.2d 954 (1980).
In the present case, petitioner argues that the premise’s use as a restaurant and an eating and drinking establishment was not intentionally abandoned, and that the Zoning Hearing Board was incorrect to conclude that the premises was abandoned without the record clearly showing an intentional and willful abandonment. However, per DiNardo, an intention to abandon can be assumed from overt acts or failure to act as well as from statements and circumstances. Although petitioner argued that the use was not intentionally nor willfully abandoned in favor of an adult cabaret, we agree with respondent that the facts illustrate an intent to abandon.
While petitioner claims that the use of the premises was never intentionally changed from a restaurant and eating and drinking establishment to an adult cabaret, the facts presented indicate otherwise, including petitioner’s *95 own statement made during oral arguments that his restaurant (“adult caberet”) may have included “the occasional motorboat.” We doubt that petitioner was referring to a type of watercraft propelled by a motor. We believe that petitioner was instead referring to a specific sexual act. Assuming that petitioner was referring to a sexual act, we find that a “motorboat,” even if only an occasional occurrence, is not a commonly offered option at a restaurant establishment. It seems more likely to be common at adult cabarets.
We further note that the Zoning Hearing Board relied on the rulings of this court in finding that the premises had been operated as an adult caberet. (ZHB decision, page 8, findings of fact #36). These opinions included findings that certainly indicate an adult caberet was operated at the premises, that Mr. Weiner was a principal or representative of both the owner of the property and of Dizzie Dottie, LLC, and the description of activities ongoing at the premises was that of an adult caberet. As those court opinions noted, Mr. Weiner knew what was going on at the premises. The Zoning Hearing Board had more than enough information to conclude that the use of the premises was willfully and intentionally changed to an adult caberet before the zoning change.
We also note that a restaurant and eating and drinking establishment was a permitted use in the commercial district. However, the petitioner allowed a change in use to a non-permitted use even prior to the zoning change. Therefore, a legal non-conforming use was not abandoned at or after the zoning change. Rather, there was no legal use at the time of the zoning change. The legal use had been abandoned (changed) prior to the zoning change. *96 Furthermore, as the Zoning Hearing Board was in the best position to judge the credibility of the testimony, and we see no abuse of discretion based upon the facts adduced at the hearing, we will not disturb the findings of the Zoning Hearing Board in that regard.
In conclusion, this court finds that the decision by the Zoning Hearing Board was correct. The petitioner knowingly and intentionally changed the use of the premises from a restaurant and eating and drinking establishment to an adult cabaret prior to the zoning change. We base these determinations on the pleadings, oral arguments, and exhibits of petitioner, respondent, and intervenor. As an adult caberet was not an allowable use, either in the prior commercial district, or the current R-l Residential Zoning District, there can be no change of use to a restaurant or eating and drinking establishment as a non-conforming use. Such use was abandoned at the premises prior to the time of the zoning change. Instead, a use was operating at the premises that was not permitted in the commercial district. No legally permitted use was taking place at the premises at the time of the zoning change, and therefore, no right to a non-conforming use now. As such, this court finds that granting the petition for review of Zoning Hearing Board Determination is not appropriate, and we enter the following order.
ORDER
And now, this 8th day of December, 2014, upon consideration of petitioner’s, Where’s Prime Rib, LLP’s, petition for review of Zoning Hearing Board Determination, the decision of the Zoning Hearing Board of Jackson Township is upheld and Where’s Prime Rib, LLP’s petition is denied.

. Dizzy Dottie, L.L.C. leased or was in possession of the real property subject to this zoning appeal. Ira Weiner is or was the principal or representative of both Where’s Prime Rib, LLP and Dizzie Dottie, LLC.